# ORIGINAL

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------x
: 
**In re** : **Chapter 11**
:
**SIMMONS BEDDING COMPANY, *et al.*,** : **Case No. 09-14037 (MFW)**
:
**Debtors.** : **Jointly Administered**
:
: **Re: Docket No. 5**
------------------------------------------------------------------x

### ORDER GRANTING MOTION OF THE DEBTORS FOR ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE THEIR EXISTING CASH MANAGEMENT SYSTEM, (B) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND (C) CONTINUE INTERCOMPANY ARRANGEMENTS, AND (II) GRANTING AN EXTENSION OF TIME TO COMPLY WITH THE REQUIREMENTS OF SECTION 345(B) OF THE BANKRUPTCY CODE

Upon the motion (the "Motion") of Simmons Bedding Company, and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") for an order (i) authorizing the Debtors to (a) continue to utilize their existing Cash Management System[1] to fund the Debtors' operations, (b) maintain the Debtors' existing Bank Accounts and business forms, and (c) continue their intercompany arrangements, including intercompany loans, and (ii) granting an extension of time to comply with the requirements of section 345(b) of the Bankruptcy Code, as more fully set forth in the Motion; and upon consideration of the Declaration of William S. Creekmuir in Support of the Debtors' Chapter 11 Petitions and Request for First Day Relief; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Motion.

Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1) The Motion is GRANTED in its entirety.

2) The Debtors are authorized and empowered, but not directed, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code and in accordance with the terms and conditions of the Plan Sponsor Agreement, to continue the Cash Management System maintained by the Debtors before the Commencement Date, and to collect, concentrate, and disburse cash in accordance with the Cash Management System.

3) The Debtors are authorized, but not directed, to: (i) designate, maintain, and continue to use any or all of their existing Bank Accounts, include payment of any administrative fees associated with maintenance of the Bank Accounts, with those banks listed on Exhibit A annexed hereto, in the names and with the account numbers existing immediately prior to the Commencement Date; (ii) deposit funds into and withdraw funds from such accounts by all usual means including, without limitation, checks, wire transfers, automated clearing house transfers and other debits; and (iii) treat their prepetition Bank Accounts for all purposes as debtor in possession accounts; *provided, however*, that nothing contained herein shall authorize any bank or financial institution in which a Bank Account is maintained (a "Bank"), to honor or pay any check issued or dated prior to the Commencement Date, except as otherwise provided by order of this Court.

4) Any Bank that honors a prepetition check or other item drawn on any Bank Account that is the subject of this Order either (i) at the direction of the Debtors to honor such prepetition check or item, or (ii) in the good faith belief that the Court has authorized such prepetition check or item to be honored, shall not be deemed in violation of this Order and shall not be liable for a prepetition or other item drawn on any Bank Account that is the subject of this Order.

5) The Debtors are directed to maintain records of each and every transfer within the Cash Management System occurring on or after the Commencement Date to the same extent maintained by the Debtors prior to the Commencement Date, such that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, the Debtors' books and records.

6) Nothing contained herein shall prevent the Debtors from opening any additional bank accounts, or closing any existing Bank Account(s), as the Debtors may deem necessary and appropriate, and the Banks, and any other bank the Debtors deem appropriate are authorized to honor the Debtors' requests to open or close, as the case may be, such Bank Accounts or additional bank accounts, *provided, however*, that the Debtors will provide notice to the United States Trustee for the District of Delaware (the "U.S. Trustee") and counsel to any statutorily appointed committee prior to the closing of any of the Bank Accounts, or the opening of any additional bank account.

7) The Debtors' time to come into compliance with section 345(b) of the Bankruptcy Code is hereby extended for a period of sixty (60) days from the Commencement Date; *provided, however*, that such extension is without prejudice to the Debtors' right to request a further extension or the waiver of the requirements of section 345(b) in these cases.

8) The Debtors are authorized, but not directed, to continue performing all obligations, commitments and transactions constituting intercompany transactions, including receiving payments on the Intercompany Loans issued prior to the Commencement Date, in the ordinary course of business.

9) Pursuant to section 364(b) of the Bankruptcy Code, all intercompany claims owed by one Debtor to another Debtor arising after the Commencement Date shall be accorded administrative expense priority status of the kind specified in sections 503(b) and 507(a)(1) of the Bankruptcy Code.

10) The Debtors are authorized, but not directed, to use their existing Business Forms; *provided, however*, that the Debtors' check stock and wire transfer instructions shall, as soon as practicable, contain a "Debtor In Possession" designation and the chapter 11 case number under which these cases are being administered.

11) The Debtors are authorized, but not directed, to (i) pay undisputed prepetition amounts outstanding as of the date hereof, if any, owed to their Banks as service charges for the maintenance of the Cash Management System, and (ii) reimburse the Banks for any claims arising, or chargebacks of deposits made, before or after the Commencement Date in connection with customer checks or other deposits into the Bank Accounts that have been dishonored or returned for any reason, together with any fees and costs in connection therewith, to the same extent that the Debtors were responsible for such items prior to the Commencement Date; *provided, however*, that none of the Banks shall be required to make transfers from or honor any draws against any of the Bank Accounts except to the extent of collected funds available in such Bank Accounts.

12) Notwithstanding the foregoing, the Debtors are not authorized to, and are ordered not to, make any transfer with respect to the Cash Management System or otherwise to or for the benefit of any affiliate of the Debtors other than wholly-owned subsidiaries of the Debtors, except (i) cash distributions to Simmons Company or Bedding Superholdco Incorporated in amounts not to exceed $300,000 in the aggregate, consistent with prior practice to the extent necessary to provide such entity with sufficient cash to pay its on-going operating expenses, (ii) cash distributions to Simmons Company or Bedding Superholdco Incorporated in amounts not to exceed $150,000 per such entity in connection with the restructuring, liquidation, or winding up of such entity, (iii) cash distributions to Simmons Company or Bedding Superholdco Incorporated in the ordinary course of business pursuant to tax sharing agreements, or (iv) cash distributions to Simmons Company or Bedding Superholdco Incorporated to pay any deductible required under such entity's directors' and officers' liability insurance in an amount not exceeding $100,000 per claim or occurrence.

13) For Banks at which the Debtors hold accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days from the date of entry of this Order, the Debtors shall (a) contact each Bank, (b) provide the Bank with each of the Debtors' employer identification numbers, (c) identify each of their accounts held at such banks as being held by a debtor in possession, and (d) serve a copy of this Order on the Banks.

14) For Banks that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Bank to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee within forty-five (45) days of the date of entry of this Order.

15) Bankruptcy Rule 6003(b) has been satisfied.

16) The requirements of Bankruptcy Rule 6004(a) are waived.

17) Notwithstanding the applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

18) The Debtors are authorized to take all steps necessary to carry out this Order.

19) This Court retains jurisdiction to interpret and enforce this Order.

Dated: Nov. 17, 2009
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE