IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------x
:
In re : Chapter 11
:
SIMMONS BEDDING COMPANY, *et al.*, : Case No. 09-14037 (MFW)
:
Debtors. : Jointly Administered
:
: Re: Docket No. 66
:
------------------------------------------------------------x

## ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon consideration of the motion of the Debtors for an Administrative Order Establishing Procedures for Interim Monthly Compensation and Reimbursement of Expenses of Professionals (the "Motion"), filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors"),[1] and the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (iii) notice of the Motion was sufficient under the circumstances and that no other or further notice need be provided, and (iv) capitalized terms not otherwise defined herein have the meaning given to them in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor,

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Simmons Company (6221); Bedding Holdco Incorporated (5929); Simmons Bedding Company (5743); The Simmons Manufacturing Co., LLC (0960); Windsor Bedding Co., LLC (8616); World of Sleep Outlets, LLC (0957); Simmons Contract Sales, LLC (2016); Dreamwell, Ltd. (2419); Simmons Capital Management, LLC (2470); and Simmons Export Co. (1370). Dreamwell, Ltd. and Simmons Capital Management, LLC maintain their respective principal corporate offices at 2215-B Renaissance Drive, Suite 12, Las Vegas, Nevada 89119. Each of the other Debtors maintains its principal corporate office at One Concourse Parkway, Atlanta, Georgia 30328.

RLF1 3508055v.1

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. Except as otherwise provided in an order of the Court authorizing the retention of a particular professional, the professionals specifically retained pursuant to an order of the Court in these cases (collectively, the "Professionals") may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

    (a) On or before the 30th day of each calendar month, or as soon as practicable thereafter (but not earlier than the 15th day of each calendar month), each Professional may file an application (a "Monthly Fee Statement") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months and serve a copy of such Monthly Fee Statement by overnight mail on each of the following parties:

        (i) the Debtors, Simmons Bedding Company, One Concourse Parkway, Suite 800, Atlanta, Georgia 30328-5369 (Attn: Kristen K. McGuffey);

        (ii) counsel to the Debtors, Weil, Gotshal & Manges LLP, 700 Louisiana, Suite 1600, Houston, Texas 77002 (Attn: Patrick W. Thompson, Esq.);

        (iii) local counsel to the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, Delaware 19801 (Attn: Michael J. Merchant, Esq.);

        (iv) counsel for the Administrative Agent for certain of the Debtors' prepetition secured lenders, Simpson Thacher & Barlett LLP, 425 Lexington Avenue, New York, NY 10017 (Attn: Peter V. Pantaleo, Esq. and Morris J. Massel, Esq.);

        (v) counsel for the Purchasers, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004 (Attn: Andrew G. Deitderich, Esq.) and Landis Rath & Cobb LLP, 919 North Market Street, Suite 1800, Wilmington, DE 19890 (Attn: Richard S. Cobb, Esq.);

        (vi) the Office of the United States Trustee, Suite 2207, J. Caleb Boggs Building, 844 King Street, Suite 2207, Wilmington, Delaware 19801 (Attn: Jane M. Leamy, Esq.); and

(vii) counsel to any statutory committee of creditors when appointed (collectively, the "Notice Parties").

Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement for a particular month or months. All Monthly Fee Statements will comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and the Local Rules.

(b) Each Notice Party will have until 4:00 p.m. (prevailing Eastern Time) on the 15th day (or the next business day if such day is not a business day) following service of the Monthly Fee Statement (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection (a "CNO") with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Statement. After a CNO is filed, the Debtors are authorized and directed to pay the Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80 percent of the fees and 100 percent of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment"), and (ii) 80 percent of the fees and 100 percent of the expenses requested in the applicable Monthly Fee Statement that are not subject to an objection pursuant to subparagraph (c) below.

(c) If any Notice Party wishes to object to a Professional's Monthly Fee Statement, it must (i) file a written objection (an "Objection") with the Court on or before the Objection Deadline, and (ii) serve the Objection on the affected Professional and each of the other Notice Parties so that it is received by each of these parties on or before the Objection Deadline. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either (i) file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Actual Monthly Payment made to the affected Professional (the "Incremental Amount"), or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and dispose of the Objection if requested by the Professional.

(d) Each Professional may submit its first Monthly Fee Statement no earlier than the 15th day of the second full month of the Debtors' cases. This initial Monthly Fee Statement will cover the period from the Commencement Date through the end of the full month preceding the filing date of the Monthly Fee Statement. Thereafter, the Professionals may file Monthly Fee Statements in the manner described above.

RLF1 3508055v.1

(e) At four-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance of the compensation and reimbursement of expenses sought by such Professional in its Monthly Fee Statements, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application Request, which will be substantially in the form of Exhibit A attached hereto and incorporated herein by reference, must include a brief description identifying the following:

   (i) the Monthly Fee Statements that are the subject of the request;

   (ii) the amount of fees and expenses requested;

   (iii) the amount of fees and expenses paid to date or subject to an Objection;

   (iv) the deadline for parties other than the Notice Parties to file objections (the "Additional Objections") to the Interim Fee Application Request; and

   (v) any other information requested by the Court or required by the Local Rules.

(f) The first Interim Fee Period will cover the month in which the Commencement Date occurs and the four full months immediately following such month. Each Professional must file and serve its first Interim Fee Application Request on or before the 45th day following the end of the first Interim Fee Period. Thereafter, each Professional must file and serve subsequent Interim Fee Application Requests on or before the 45th day following the end of the applicable four-month Interim Fee Period.

(g) The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every six months or at such other intervals as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

(h) Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the affected Professional and the Notice Parties so as to be received on or before the 20th day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

(i) The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from the

4

future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file a Monthly Fee Statement or an Interim Fee Application Request when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Statement or Interim Fee Application Request is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Statement or an Interim Fee Application Request in a timely manner.

(j) Neither (i) the payment of or the failure to pay, in whole or in part, monthly interim compensation and reimbursement of expenses under the Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for compensation and reimbursement of expenses of Professionals. All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court.

3. Each member of any statutory committee is permitted to submit statements of expenses (excluding third-party counsel expenses of individual committee members) and supporting vouchers to the respective committee's counsel, which counsel will collect and submit the committee members' requests for reimbursement in accordance with the Compensation Procedures. Approval of these Compensation Procedures, however, does not authorize payment of such expenses to the extent that such authorization does not exist under the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, the Local Rules or the practices of this Court.

4. The Notice Parties shall be entitled to receive notice of the Monthly Fee Statements, any Interim Fee Application Request, any final fee application request and any notices of hearing on any of the foregoing requests. All other parties entitled to notice under the Bankruptcy Rules and/or local rules shall be entitled to receive only the notices of hearing on the interim and final fee application requests.

5. The Debtors must identify all payments made to Professionals in accordance with the Compensation Procedures in their monthly operating reports.

5

RLF1 3508055v.1

6. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: Dec 9, 2009
       Wilmington, Delaware

                                                  THE HONORABLE MARY F. WALRATH
                                                  UNITED STATES BANKRUPTCY JUDGE

RLF1 3508055v.1