# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| SIMMONS BEDDING COMPANY, | : | Case No. 09-14037 (MFW) |
| Debtors. | : | Hearing Date: January 5, 2010, at 11:30 AM |
| | : | Objections Due: December 18, 2009, extended to December 22, 2009 |

## OBJECTION BY THE UNITED STATES TO THE DEBTORS' JOINT PLAN OF REORGANIZATION

The United States, on behalf of its Internal Revenue Service ("IRS") and its Department of Defense ("DOD"), by and through the undersigned attorneys, in support of its objection to the Joint Plan of Reorganization of Simmons Bedding Company, and its Affiliates Under Chapter 11 of the Bankruptcy Code [Docket No. 17] ("Plan"), avers as follows:

1. On November 16, 2009, the debtors filed voluntary bankruptcy petitions seeking relief under Chapter 11 of the Bankruptcy Code.

2. IRS is a creditor and party in interest. IRS has asserted an estimated pre-petition claim against Simmons Manufacturing Co,. LLC, in the priority amount of $504.24. IRS records indicate that this debtor has not filed its Heavy Use Vehicle federal tax return for the period of July 30, 2009. The IRS has also filed an estimated priority and general unsecured claim in the amount of $10,550.79 against Simmons Bedding Co. IRS records indicate that this debtor has also failed to file a Foreign federal tax return for the tax period of December 31, 2008.

3. The Department of Defense, through its Air Force, holds at least two contracts with the debtors. The two Air Force contracts that have been identified are FA2823-09-F3014 and 09-F3044.

4. If the debtors do not elect to pay the IRS priority tax claim on the Effective Date, the IRS objects to the treatment in the Plan of its priority tax claims in Section 2, Paragraph 2.3 on several grounds. The IRS objects to the Plan to the extent the Plan fails to provide for: (1) the commencement of payments to the IRS on the Effective Date; (2) an adequate rate of interest on the IRS priority tax claim; and (3) at least quarterly payments of such priority claims.

5. IRS objects to the third party non-debtor exculpation, limitation of liability, injunction and release provisions set forth in the Plan and specifically in Section 10 of the Plan. The injunction provisions violate the Anti-Injunction Act, I.R.C. Section 7421(a). See American Bicycle Association v. United States, 895 F.2d 1277 (9th Cir. 1990). Moreover, section 524(e) of the Bankruptcy Code addresses the scope of a bankruptcy discharge and states, in relevant part, that "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for such debt." The Bankruptcy Code contemplates that a discharge only affects the debts of those submitting to its burdens. The weight of case authority is consistent with the view that provisions that effect a discharge of non-debtor liability run afoul of the limitations on discharge set forth in Section 524(e) of the Bankruptcy Code. See e.g., In re Continental Airlines, 203 F.3d 203, 217 (3rd Cir. 2000); In re Lowenschuss, 67 F.3d 1394, 1401 (9th Cir. 1995), cert. denied, 517 U.S. 1243 (1996) ("Section 524 does not...provide for the release of third parties from liability"); In re Zale Corp., 62 F.3d 746, 760-761 (5th Cir. 1995) ("Section 524 prohibits the discharge of debts of non-debtors); First Fidelity Bank v. McAteer, 985 F.2d 114, 117-18 (3d Cir. 1993) (Section 524(e) specifically limits the effect of a

discharge...This section assures creditors that the discharge of a debtor will not preclude them from collecting the full amount of a debt from co-debtors or other liable parties."); Green v. Welsh, 956 F.2d 30, 33 (2d Cir. 1992) ("the language of [Section 524(e)] reveals that Congress sought to free the debtor of his personal obligations while ensuring that no one else reaps a similar benefit"); In re Western Real Estate Fund, Inc., 922 F.2d 592, 602 (10th Cir. 1990), modified sub nom., Abel v. West, 932 F.2d 898 (10th Cir. 1991) (permanent injunction purporting to release non-debtors from liability improperly insulates non-debtors in violation of Section 524(e)); In re American Hardwoods, Inc., 885 F.2d 621, 626 (9th Cir. 1989) (In affirming the denial of a permanent injunction against a claim against third party non-debtor, court noted: "Section 524(e), therefore, limits the court's equitable power under section 105 to order the discharge of liabilities of non-debtors."). IRS does not consent to the non-debtor injunctions, releases and exculpations set forth in the Plan. Thus, these provisions render the Plan unconfirmable.

6. IRS objects to the provisions in Section 12 of the Plan to the extent that the debtors and various other parties seek any prospective tax relief or any treatment not consistent with the Internal Revenue Code and its implementing regulations.

7. The DOD and the IRS object to the Plan to the extent it fails to preserve the setoff and recoupment rights of the IRS. Confirmation of a plan does not extinguish setoff claims when they are timely asserted. United States v. Continental Airlines (In re Continental Airlines), 134 F.3d 536, 542 (3d Cir. 1998), cert. denied, 525 U.S. 929 (1998). IRS has asserted its right to setoff in its claim and it has notified the debtors of its intention to affect setoff against any available monies held by other federal agencies. Like other creditors, the United States has the common law right to setoff mutual debts. "The government has the same right which belongs to

every creditor, to apply the unappropriated moneys of his debtor, in his hands, in extinguishment of the debts due to him." United States v. Munsey Trust Co. of Washington, D.C., 332 U.S. 234 (1947) (citing Gratiot v. United States, 40 U.S. (15 Pet) 336, 370, 10 L.Ed. 759 (1841)); see also Amoco Prod. Co. v. Fry, 118 F.3d 812, 817 (D.C. Cir. 1997). This right – "which is inherent in the federal government – is broad and 'exists independent of any statutory grant of authority to the executive branch.'" Marre v. United States, 117 F.3d 297, 302 (5th Cir. 1997) (quoting United States v. Tafoya, 803 F.2d 140 (5th Cir. 1986)). Hence, the United States can setoff mutual prepetition debts and claims as well as postpetition debts and claims. Zions First Nat'l Bank, N.A. v. Christiansen Bros. (In re Davidson Lumber Sales, Inc.), 66 F.3d 1560, 1569 (10th Cir. 1995); Palm Beach County Bd. Of Pub. Instruction (In re Alfar Dairy, Inc.), 458 F.2d 1258, 1262 (5th Cir.), cert. denied, 409 U.S. 1048 (1972); Mohawk Indus., Inc. v. United States (In re Mohawk Indus., Inc.), 82 B.R. 174, 178-79 (Bankr. D. Mass. 1987). The Plan makes no provision for these rights. Such treatment is impermissible, because Section 553 of the Bankruptcy Code preserves the right of setoff in bankruptcy as it exists outside bankruptcy, Citizens Bank of Maryland v. Strumpf, 516 U.S. 16, 18 (1995), neither expanding nor constricting it, United States v. Maxwell, 157 F.3d 1099, 1102 (7th Cir. 1998). "[T]he government of the United States suffers no special handicap under § 553 of the Bankruptcy Code," id. at 1103, that alters this principle. Moreover, because "[s]etoff occupie[s] a favored position in our history of jurisprudence," Bohack Corp. v. Borden, Inc., 599 F.2d 1160, 1164 (2d Cir. 1979), courts do not interfere with its exercise absent "the most compelling circumstances." Niagra Mohawk Power Corp. v. Utica Floor Maintenance, Inc. (In re Utica Floor Maintenance, Inc.), 41 B.R. 941, 944 (N.D.N.Y. 1984); see also New Jersey Nat'l Bank v. Gutterman (In re Applied Logic Corp.), 576 F.2d 952 (2d Cir. 1978) ("The rule allowing setoff ... is not one that

courts are free to ignore when they think application would be unjust."). Compelling circumstances generally entail criminal conduct or fraud by the creditor. In re Whimsy, Inc., 221 B.R. 69 (S.D.N.Y. 1998). No such compelling circumstances are present here, and accordingly, the Plan must provide for and preserve the government's setoff rights. Failure to do so violates section 1129(a)(1). ("The court shall confirm a plan only if ... the plan complies with the applicable provisions of this title".)

8. The DOD objects to the treatment of government contracts in Section 8 of the Plan. The terms of the Plan would allow the debtors to assume and assign the DOD contracts without DOD consent. The debtors are not entitled to assume and assign any contracts with the United States without its consent. In re West Electronics, Inc., 852 F.2d 79, 83 (3d Cir. 1988); Anti-Assignment Act 41 U.S.C. Section 15.

**WHEREFORE,** IRS and the DOD respectfully requests that the Court deny confirmation of the Plan and grant such other and further relief as the Court deems necessary and just.

DAVID WEISS
United States Attorney

/s/ Ellen W. Slights

By:_____
Ellen W. Slights
Assistant United States Attorney
Delaware State Bar No. 2782
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

December 22, 2009

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SIMMONS BEDDING COMPANY, et al. | : | Case No. 09-14037 (MFW) |
| | : | |
| | : | **Hearing Date: January 5, 2010, at 11:30 AM** |
| Debtors. | : | **Objections Due: December 18, 2009, extended to** |
| | : | **December 22, 2009** |

## AFFIDAVIT OF SERVICE

I, Karen Hill, an employee in the Office of the United States Attorney for the District of Delaware, hereby attest under penalty of perjury that on December 22, 2009, a copy of the **OBJECTION BY THE UNITED STATES TO THE DEBTORS' JOINT PLAN OF REORGANIZATION** was served, as indicated, upon:

Michael F. Walsh, Esq.
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153
via facsimile (212) 310-8007

Lydia T. Protopapas, Esq.
Weil, Gotshal & Manges LLP
700 Louisiana Street, Suite 1600
Houston, TX 77002
via facsimile (713) 224-9511

Jane Leamy, Esq.
Office of the United States Trustee
844 King Street
Suite 2207
Wilmington, DE 19801
via facsimile (302) 573-6497

Mark D. Collins, Esq.
Michael J. Merchant, Esq.
Richards, Layton & Finger, P.A..
One Rodney Square
920 N. King Street
Wilmington, DE 19801
via facsimile (302) 498-7531

Andrew G. Dietderich, Esq.
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
via facsimile (212) 558-3588

Peter V. Pantaleo, Esq.
Morris J. Massel, Esq.
Simpson, Thacher & Bartlett LLP.
425 Lexington Avenue
New York, NY 10017
via facsimile (212) 455-2502

Allan S. Brilliant, Esq.
Goodwin Proctor LLP
620 Eight Avenue
New York, NY 10018
via facsimile (212) 355-3333

Richard S. Cobb, Esq.
Landis Rath & Cobb LLP
919 North Market Street, Suite 1800
Wilmington, DE 19890
via facsimile (302) 467-4450

Brian Hermann, Esq.
Julie M. D'Ambruoso. Esq.
Paul, Weiss, Rifkin, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
via facsimile (212) 492-0545

/s/ Karen Hill
_____
Karen Hill